

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. O-2145, Amended.
Re: Is each county commissioner re-
quired to vote on all matters before
the court requiring a vote, or does
he have the right to refuse to vote
or remain silent? And related ques-
tions.

In your letter of March 28, 1940, you presented the
following questions to this department requesting an opinion
on the same:

"1. Does the County Judge have a right to
vote on all matters brought before the Commis-
sioners Court requiring a vote of that body, or
does he just have the right to vote to break a
tie vote of the court?

"2. If he has the right to vote on all such
matters is he required to vote on each, or may he
just vote at his discretion when there is not a
tie vote?

"3. Is each County Commissioner required to
vote on all matters coming before the Court requir-
ing a vote, or does he have the right to refuse to
vote, or remain silent?

"4. If each County Commissioner is required to
vote on matters coming before the Court what is the
penalty for failing or refusing, to vote?"

In our opinion No. O-2145 the above mentioned ques-
tions were answered as follows:

"With reference to your first question, your
attention is respectfully directed to our opinion

Honorable H. A. Hodges, page 2

No. O-1716, which holds that:

> "'The county judge enjoys equal
> voting rights with all of the other
> members of the commissioners' court
> which will include the right to make
> or second any motion and the right to
> vote whether there be a tie among the
> votes of other members of the court
> or not.'

"We are enclosing a copy of the above mention-
ed opinion for your information and convenience.
You will note, as above stated, that the county
judge has the right to vote oh all matters brought
before the commissioners' court requiring a vote
of that body, which includes the right to make or
second any motion and the right to vote whether
there be a tie among the votes of the other mem-
bers of the court or not. The right of the county
judge to vote on all matters brought before the
commissioners' court is not restricted to instances
to where there is a tie vote.

"In reply to your second question, it appears
from all the authorities that we have examined, con-
stitutional, statutory, or judicial interpretations,
the county judge is not required or compelled to
vote upon any matter brought before the commission-
ers' court, but has the right to vote or refrain
from voting as he may determine.

"In answer to your third question as above
stated, any three members of the commissioners'
court, including the county judge, constitute a
quorum for the transaction of any business except
that of levying a county tax. Therefore, what has
been said with reference to requiring or compelling,
a county judge to vote on any matter before the
commissioners' court is equally applicable to any
commissioner, and each commissioner may vote or re-
fuse to vote on any question as he shall determine.

"In reply to your fourth question, you are ad-
vised that a commissioner is not required or compelled
to vote on any matter coming before the court, and
that a refusal to vote on any such matter does not
constitute a penal offense of any nature."

We are of the opinion that the above quoted answers to your questions are correct with one exception, which is that all members of the commissioners' court including the county judge who is a member of said court are required to vote when selecting a bank or banker as a depository of the funds of a county.

Article 425 of the Penal Code reads as follows:

"Any member of the commissioners court who shall fail or refuse to vote at any February term thereof next following each general election for a compliance with the requirements of the law providing for the selection of a bank or banker as the depository of the funds of such county shall be fined not less than one hundred nor more than five hundred dollars or be imprisoned in jail not less than one nor more than six months, or both. Such failure or refusal is ground for removal from office."

In view of the foregoing statute, you are respectfully advised that it is the opinion of this department that all members of the commissioners' court, which includes the county judge, are required to vote upon the selection of a bank or banker as the depository of the funds of their respective county, and a failure to do so is a violation of Article 425 of the Penal Code. Any member of the commissioners' court failing to vote upon the matter of selecting a bank or banker as the depository of the funds of the county is subject to prosecution under Article 425 of the Penal Code. Otherwise, in conformity with the above mentioned opinion, you are advised that the county judge or a commissioner is not required or compelled to vote on any matter coming before the court, and that a refusal to vote on any such matter, except as above stated, does not constitute a penal offense of any nature.

Trusting that the foregoing fully answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

APPROVED APR 17, 1940

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN

AW:M